UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTON COUSINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00519-JPH-MJD |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Anton Cousins' petition for writ of habeas corpus challenges his October 2019 parole revocation. Dkt. 1. Because Mr. Cousins has not exhausted his state court remedies, his petition must be dismissed.

**I. Dismissal of Petition**

Before seeking habeas corpus review in federal court, a petitioner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whately v. Zatecky*, 833 F.3d 762, 770–71 (7th Cir. 2016).

Indiana Post-Conviction Rule 1(1)(a)(5) provides a remedy by which a person can challenge revocation of their parole. *See also Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016) (instructing trial court to grant post-conviction relief on petitioner's challenge to parole revocation). Mr. Cousins' claim falls within the scope of this rule. Accordingly, he must exhaust his claim in state court before filing a federal habeas corpus petition.

Mr. Cousins is aware of this state remedy, as he previously successfully challenged his parole revocation at the state level. Dkt. 10-2. On December 14, 2017, Mr. Cousins appeared before the Indiana Parole Board ("Parole Board") for a parole violation hearing and pled not guilty. *Id.* at 3. The Parole Board found him guilty, revoked his parole, and assessed him the balance of his sentence. *Id.* Mr. Cousins appeared before the Parole Board again in December 2018, where the Parole Board denied him parole. *Id.* at 4. Mr. Cousins filed a petition for writ of habeas corpus in the Miami Circuit Court, under Cause No. 52C01-1901-MI-000038, which the court treated as a petition for post-conviction relief. *Id.* On September 7, 2019, the Miami Circuit Court found the Board violated Mr. Cousins' due process rights by not providing him written notice of one of the rule violations. The court granted him post-conviction relief, and remanded the matter back to the Board for a new parole revocation hearing. *Id.* at 5-6.

Mr. Cousins had another parole hearing on October 23, 2019, where he was again found guilty of violating his parole. Dkt. 1 at 1. Mr. Cousins has not filed any subsequent petition for post-conviction relief to challenge the October 2019 decision. *See* dkt. 10 at 3; dkt. 12 at 1. In Mr. Cousins' response to the motion to dismiss, he argues that the Parole Board treated him unfairly and that seeking relief through post-conviction would be futile because a successful post-conviction petition would place him again before the same biased board. Dkt. 12 at 2. But the interests of comity and federalism dictate that state courts must have the first opportunity to correct constitutional violations that occurred in a state court proceeding before a petitioner proceeds to federal court. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005). Mr. Cousins must exhaust his claims at the state level before he can bring his claim to federal court.

Because it is clear that Mr. Cousins has not exhausted his state court remedies, Respondent's motion to dismiss, dkt. [9], is **granted**. Mr. Cousins' habeas petition is **dismissed**

**without prejudice**, which means that he may refile his petition after exhausting his state court remedies. Accordingly, Mr. Cousins' "motion to let the court know how unfair the Indiana parole board is to the petitioner," dkt. [13], his motion for summary judgment, dkt. [14], and his amended motion for summary judgment, dkt. [15], are **denied as moot**.

Judgment consistent with this Order shall now issue.

## II. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as failure to exhaust), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." It is clear that Mr. Cousins did not exhaust his state court remedies before bringing this action. Therefore, a certificate of appealability is **denied**.

## III. Conclusion

The Respondent's motion to dismiss, dkt. [9], is **granted**, and a certificate of appealability is denied. Mr. Cousins' pending motions, dkt.[13], dkt. [14], and dkt. [15], are **denied as moot**.

**SO ORDERED.**

Date: 4/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

ANTON COUSINS
181047
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov